(128 So. 116)

## CHATTANOOGA BAKERY CO. v. S. HAMILTON CO.

6 Div. 620.

Court of Appeals of Alabama.
April 22, 1930.

M. E. Nettles, of Jasper, for appellant.

R. A. Cooner and J. D. Acuff, both of Jasper, for appellee.

SAMFORD, J.

The suit was on account, account stated, and for goods, wares, and merchandise sold and delivered. After elimination of pleas 3 and 4 by the court, there remained 1, 2, and 5. Pleas 1 and 2 were the general issue, and plea 5 was as follows:

"5, For further answer to the complaint and each count thereof, separately, the defendant says, the consideration of the debt sued for was the sale by plaintiff to defendant of 200 Cartons of Orient Goodies. Defendant was then and is now engaged in the wholesale mercantile business and bought said goods to re-sell to retail dealers. And defendant alleges that the said goods were new to this territory and this was known to both plaintiff and defendant; that it is the general custom of the trade in this territory, and the general custom of the manufacturers of goods of the kind involved in this case to accept back all goods of this kind, shipped when same are not salable in this territory; all of which was well known to defendant and plaintiff in this case, and in their contemplation at the time of sale, and defendant alleges that said goods are not salable in this territory and that he offered to return the goods involved in this case within a reasonable time after he learned they were not salable and within a reasonable time after defendant received them."

"And defendant alleges that he has since offered to return said goods as aforesaid for credit, defendant refused to accept same, and he now is and has been at all times ready, able and willing to return said goods."

To plea 5 plaintiff filed replication (1) general issue, (2) that, after the defendant discovered the goods were not as purchased, it used and dealt with the property as its own. The foregoing made the issues in the case. There are many exceptions and equally as many assignments of error, but, as we see this appeal, the sole questions of merit relate to plea 5 and the rulings of the court incident thereto.

Plea 5 was a good plea, and not subject to any of the grounds of demurrer assigned, and plaintiff's replication No. 2 was also good as against defendant's demurrers. So the issues are goods, wares, and merchandise, i. e., 200 cartons of a certain kind of cakes sold and delivered by plaintiff to defendant at an agreed price of 65 cents per carton, and aggregating $130. This is proven without dispute. The defendant says by his plea that: "It is the general custom of the trade in this territory, and the general custom of the manufacturers of the kind of goods involved in this case to accept back all goods of this kind shipped when same are not salable in this territory; all of which was well known to defendant and plaintiff in this case, and in their contemplation at the time of sale, and defendant alleges that *said goods are not salable in this territory* and that he offered to return the goods in this case within a reasonable time after he learned they were not salable and within a reasonable time after receiving them."

Upon the question of "general custom," the evidence is in conflict. There is no evidence in this case that the goods were not salable. On the contrary, it appears that at the time of purchase, to wit, March 18th, 400 cartons were purchased, 200 for immediate shipment and 200 some ten days later. The first 200 cartons that came in were received and promptly sold, and paid for with practically no complaint from the purchasers. The 200 cartons here involved came in according to order, were received by defendant, and no effort made to dispose of them or to sell to the trade, although they were identical as to quality and other respects as the first. The cakes were received by defendant on or about April 8th or 9th, and on April 15th defendant, without making any effort to sell same, wrote plaintiff: "We have last shipment of candy we cannot move. Please advise if you can ship it some place else." It may be observed that this letter did not amount to a rejection. On April 18th defendant wrote: "We are returning same (cakes) today to Chattanooga, Tenn." But it appears from the evidence that this was never done. On April 25th plaintiff replying to defendant's letter of April 18th wrote saying there was nothing they could do, giving as a reason: "As they have been out of the trade for some little

time," and that they could not under the circumstances send them to some other customers. On April 27th the defendant wrote this letter:

"Your letter in regard to the Orient Goodies which we have just received. These cakes were not shipped as stated in our letter, but it was our intention to do so, however, we overlooked doing so.

"We are very much surprised that you are not more interested in your products than your letter indicates. We have made every effort to make these goods move and it is customary with other manufacturers in your line to see that their goods do move, if even back to their plant.

"Two years ago we commenced your products and gave it some notoriety in this territory and in view of this we are certainly due some consideration and we trust after careful consideration you will give us some relief on these cakes."

It was admitted that the cakes were perishable and deteriorated in value. This fact was known to both parties. Defendant still retains the goods, but has never made any further effort to dispose of them.

■ Where parties have not entered into any express contract, a presumption nevertheless arises that they meant to contract and to deal according to the general usage, if any such exists, in relation to the subject-matter. Hosea v. McCrory, 12 Ala. 349.

■ Assuming, therefore, that the evidence in this case was sufficient to establish the general custom and usage as alleged in defendant's plea 5, and that defendant was charged with notice thereof so as to make it a part of the contract of sale, although as to this the evidence was in dispute, it was still incumbent on defendant to live up to the contract so made in good faith, and defendant could not repudiate the contract without proof of the unsalability of the goods, either by a bona fide effort on his part to sell the goods to the trade and his failure to do so or by some other method of legal proof as to which defendant testified: "I never offered to sell any of the second shipment to the trade. It was not put on the market." The law will not permit the defendant to make a contract requiring action on his part and then by inaction escape the obligations due the other party. There is not only no evidence tending to prove that the cakes were not salable in the territory in which defendant was doing business, but positive evidence that the cakes were salable and could have been sold by defendant if he had put forth the proper effort. We might also go further. The evidence in this case fails to prove a positive repudiation of the purchase by defendant within a reasonable time. Certainly the correspondence between the parties amounts to no more than a suggestion on the part of defendant that it

desired to be relieved of the shipment, which plaintiff positively refused to do, after which and without further correspondence defendant retained possession and control of the cakes. This state of facts, being without conflict, proves plaintiff's replication number 2.

The facts as above stated have been taken from the statement of facts in appellant's brief, in the preparation of which he has complied with Supreme Court rule 10, and no brief challenging same has come to the hands of the court.

Other questions raised will probably not arise on another trial. For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.